UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARCELL HOGANS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:08CV01887 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Marcell Hogans' Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ("Motion"), filed December 5, 2008. (Doc. No. 1). Because this Court has determined that Hogans' claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which Hogans' claims are based, this Court decides this matter without an evidentiary hearing. See Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003), cert. denied, 540 U.S. 1199 (2004).

## BACKGROUND

On March 13, 2006, a St. Louis County Police Department undercover detective contacted co-defendant Steven P. James ("James") during a "buy/bust" operation. James traveled with the undercover detective to 1206 Robert Powell, St. Louis County, Missouri, where Marcell Hogans was located. Hogans gave James crack in exchange for $50, and James returned to the undercover detective's vehicle with the crack.

Thereafter, detectives returned to 1206 Robert Powell. Detectives knocked on the door and announced their presence. Hogans descended down the stairs, pointed a handgun at the detective,

and then fled back up the stairs. The detectives entered the residence and followed Hogans. Hogans left the building and discarded a .38 caliber revolver.

The detective arrested Hogans outside of the residence. Hogans had the money provided to James by the undercover detective for purchasing the crack. The detectives also found the firearm that Hogans pointed at the detective and discarded during his flight.

Prior to March 13, 2006, Hogans had been convicted of three prior felony controlled substances offenses. Hogans had been convicted of the illegal sale of marijuana, in an amount under five grams, illegal sale of a controlled substance near a school, and illegal possession of marijuana.

On November 1, 2007, a Grand Jury indicted Hogans and James in a three-count indictment. (4:07CR0650 JCH). In that indictment, Hogans was charged with distribution of cocaine base (crack) (Count I), conspiracy to distribute cocaine back (crack) (Count II), and a being a felon in possession of a firearm (Count III).[1] On April 3, 2008, a Grand Jury issued a separate indictment of Hogans, where he was charged with one count of possession of a firearm in furtherance of one or more drug trafficking crimes in violation of 18 U.S.C. §924(a). (United States v. Marcell Hogans, 4:08CR0204 JCH). These indictments were later consolidated for purposes of disposition.

Hogans faced substantial imprisonment based upon these federal indictments. United States of America's Response to the Show Cause Order Pursuant to 28 U.S.C. § 2255 ("Response"), Doc. No. 13, p. 4). For example, under Count One (distribution) and based upon Hogans' criminal history, Hogans was a Career Offender subject to a guideline imprisonment range of 168 to 210 months. If the United States sought an enhancement pursuant to 21 U.S.C. §851 based upon Hogans' prior felony drug convictions, Hogans would have been subject to a guideline imprisonment

---

[1]James was charged with distribution of cocaine base (crack) and conspiracy to distribute cocaine base (crack).

range of 210 to 262 months. Under the consolidated indictment and in conjunction with Hogans' criminal history, he would have been subject to a mandatory minimum of five years imprisonment, in addition to any other sentence imposed. (Id., pp. 4-5).

On May 14, 2008, Hogans made a proffer to the United States, but none of the information provided by Hogans constituted substantial assistance for purposes of United States Sentencing Guidelines § 5K1.1 or 18 U.S.C. §3553. (Id., p. 5).

On May 29, 2008, Hogans pleaded guilty to Count One of the 4:07CR650 JCH indictment in exchange for dismissal of Counts Two and Three of the 4:07CR650 JCH indictment and Count One of the 4:08CR204 JCH indictment. (United States v. Marcell Hogans, 4:08CR0650 JCH, Doc. No. 126; see also Plea Agreement, Guidelines, Recommendations and Stipulations ("Plea Agreement"), Doc. No. 13-2, p. 2). The United States also agreed not to file an information pursuant to 21 U.S.C. §851(a)(1) that would have subjected Hogans to an enhanced sentence pursuant to 21 U.S.C. §841(b)(1)(B). (Id.).

During his change of plea, Hogans admitted the factual allegations related to his role in the drug distribution and firearm possession. (Plea Agreement, pp. 10-12; Plea Transcript ("Plea Tr."), Doc. Nos. 13-6 and 13-7, p. 12, l. 3-p. 18, l. 8). Hogans stated that he voluntarily entered into the Plea Agreement. (Plea Tr., p. 6, l. 12-p. 7, l. 8). Hogans admitted that he had no complaints regarding the representation of his counsel, Mr. Forsyth. (Plea Tr., p. 5, ll. 5-21).

The Presentence Investigation Report (PSR) (Doc. Nos. 13-3 and 13-4) concluded that the Total Offense Level was 30, and Hogans' Criminal History Category was VI, which resulted in a Sentencing Guideline imprisonment range of 168 to 210 months.

On August 21, 2008, Hogans was sentenced to 168 months, which was the lowest sentence possible within the applicable sentencing guideline range. (Response, pp 7-8).

In this action, Hogans argues that he suffered a constitutional deprivation because of ineffective assistance of counsel and prosecutorial misconduct. Hogans states that (1) Hogans' counsel, Douglas Forsyth, failed to request a downward departure, (2) the United States failed to file a motion for downward departure for substantial assistance, (3) Mr. Forsyth purportedly informed Hogans that his co-defendant would testify against him at trial; and (4) Mr. Forsyth improperly advised him to accept a plea agreement recommending a 168-month term of imprisonment.

## STANDARD OF REVIEW

"Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack." Equere v. United States, No. 4:07-CV-1571, 2008 U.S. Dist. LEXIS 91052, *6 (E.D. Mo. Nov. 10, 2008) (citing 28 U.S.C. § 2255). To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333, 346, 94 S. Ct. 2298, 2305, 41 L. Ed. 2d 109, 119 (1974); Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L. Ed. 2d 417, 422 (1962).

"A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.'" Nichols v. United States, 260 Fed. Appx. 946, 948 (8th Cir. 2008) (citing 28 U.S.C. § 2255). A movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (citing Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court, however, may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Marquez v. United States, No. 4:07CV361, 2008 U.S. Dist. LEXIS 82965, *5 (E.D.

Mo. Oct. 17, 2008) (citing Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citation omitted)).

The entry of an unconditional guilty plea waives all challenges to the prosecution of a criminal case, except for those related to jurisdiction. U.S. v. Winheim, 143 F.3d 1116, 1117 (8th Cir. 1998); Smith v. U.S., 876 F.2d 655, 657 (8th Cir. 1989), cert. denied, 493 U.S. 869, 110 S. Ct. 195, 107 L. Ed. 2d 149 (1989). The Eighth Circuit has enforced a defendant's plea agreement promise to waive his right to appeal, or challenge via a post-conviction writ of habeas corpus. Deroo v. U.S., 223 F.3d 919, 923 (8th Cir. 2000) (citing U.S. v. His Law, 85 F.3d 379 (8th Cir. 1996)). The court does not "distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context." Deroo, 223 F.3d at 923. "When a defendant waives his appeal and post-conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made." Lumpkins v. U.S., No. 4:06-CV-195, 2008 U.S. Dist. LEXIS 63105, *12-13 (E.D. Mo. Aug. 19, 2008).

## **DISCUSSION**

### I.  INEFFECTIVE ASSISTANCE OF COUNSEL

#### A.  Legal Standard for Ineffective Assistance of Counsel

For an ineffective assistance of counsel claim under section 2255, "'a movant faces a heavy burden.'" Equere, 2008 U.S. Dist. LEXIS 91052, at *7 (quoting U.S. v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)). A convicted movant must first show "that his counsel's performance was deficient, and that he suffered prejudice as a result." Paul v. U.S., 534 F.3d 832, (8th Cir. 2008) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The movant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Malcom v. Houston, 518

F.3d 624, 626 (8th Cir. 2008). A reasonable probability is less than "more likely than not," Kyles v. Whitley, 514 U.S. 419, 434 (1995), but more than a possibility. White v. Roper, 416 F.3d 728, 732 (8th Cir. 2005). A reasonable probability "is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "[B]oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact" subject to *de novo* review. Id. at 698. "In the context of a guilty plea, to demonstrate prejudice [m]ovant must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial." Ware v. U.S., No. 1:08CV5, 2008 U.S. Dist. LEXIS 93254, *10 (E.D. Mo. Nov. 17, 2008) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). "The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense." U.S. v. Ledezma-Rodriguez, 423 F.3d 830, 836 (8th Cir. 2005) (citations omitted).

### B. Counsel's Performance Was Not Deficient

#### 1. Defense Counsel Failed to Request a Downward Departure

As Ground One for his §2255 Motion, Hogans states that he qualified for a "safety valve" and "downward departure," but that his counsel failed to request this relief from the Court. (Motion, p. 4).

Hogans, however, waived his right to request a downward departure as part of the Plea Agreement. The Plea Agreement provided that "[t]he parties further agree that neither party shall request a sentence above or below the applicable guideline range pursuant to any chapter of the Sentencing Guidelines , 18 U.S.C. §3553(a), or any other provision or rule of law, unless that request or facts which support that request are addressed in this document or the request is made with the consent of both parties." (Plea Agreement, p. 3). Hogans waived his right to file a downward

- 6 -

departure in exchange for the government dismissing three other charges, forgoing an opportunity to seek a sentence enhancement, and an agreement to a 168-month term of imprisonment, which was the low end of the guideline range. (Plea Agreement, pp. 2-3).

The Court reviewed this Plea Agreement with Hogans at sentencing. At sentencing, Hogans stated that he read the Plea Agreement and that he had no questions regarding its contents. (Plea Tr., p. 6, ll. 12-24). Hogans acknowledged that he voluntarily entered into the Plea Agreement. (Plea Tr., p. 6, l. 12-p. 7, l. 8). He also stated that he had no "complaints whatsoever about [Mr. Forsyth's] representation." (Plea Tr., p. 5, ll. 7-21).

Thus, Mr. Forsyth was not required to make an argument at sentencing that Hogans deserved a downward departure because such an argument was waived and precluded by the Plea Agreement. Long v. United States, No. 4:06-CV-640, 2007 U.S. Dist. LEXIS 39773, at *11 (E.D. Mo. May 31, 2007) (no ineffective assistance of counsel where the record showed that counsel could not request a downward departure without violating the plea agreement). Hogans cannot demonstrate that Mr. Forsyth's representation fell below an objective standard of reasonableness by failing to make this meritless argument. Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994)("counsel's failure to advance a meritless argument cannot constitute ineffective assistance"). Hogans' claim on Ground One fails because he cannot satisfy the Strickland standard.

    2.  Defense Counsel Allegedly Told Hogans that his Co-Defendant Was Testifying Against Him

In Ground Three, Hogans claims that Mr. Forsyth told him that his co-defendant, James, was going to testify against him. (Motion, p. 7). Hogans claims that Mr. Forsyth told him about James' alleged testimony to coerce Hogans into pleading guilty. (Id.).

Hogans, however, fails to identify why defense counsel's actions were unreasonable. From Hogans' allegations, it appears that Mr. Forsyth simply evaluated the evidence against him in determining whether to accept the Plea Agreement.

Moreover, as discussed more herein, Hogans has not demonstrated any prejudice from Mr. Forsyth's actions. This Court went over the Plea Agreement with Hogans and he agreed that the relevant the factual allegations were correct. (Plea Tr., p. 16, l. 9- p. 18, l. 8). That is, Hogans admitted that he was guilty of the alleged conduct. (Id.). Therefore, Hogans cannot claim that he was prejudiced by Mr. Forsyth's allegedly deficient representation. Strickland, 466 U.S. at 693 (stating the test is whether counsel's representation fell below an objective standard of reasonableness, resulting in prejudice). Thus, Hogans' claim under Ground Three fails.

          3.          Hogans Received No Benefit From the Plea Agreement

In Ground Four, Hogans claims that he received no benefit from the Plea Agreement because he would have received 168 months whether or not he was sentenced as a career offender. (Motion, p. 8). Hogans claims that his counsel gave him erroneous advice so that he would agree to the Plea Agreement.

Hogans' claim that he received no benefit, however, is clearly in error. Mr. Forsyth negotiated a deal whereby Hogans received the minimum amount of time allowable under the Sentencing Guidelines for the crime to which he pleaded guilty. Furthermore, in exchange for his guilty plea, Hogans avoided additional punishment by means of further sentencing enhancements, an additional consecutive five-year term of imprisonment, an additional sentencing enhancement for reckless endangerment during flight, and/or a sentence above the bottom of the applicable guideline

range.[2] Thus, contrary to his assertions, the Court finds that Hogans benefitted from entering into the negotiated Plea Agreement. In fact, Hogans admitted in open court that he was satisfied with the Plea Agreement. (Plea. Tr. p. 6, l. 12-p. 7, l. 8). Accordingly, the Court denies Hogans' §2255 Motion with respect to Count Four on this basis.

**C.    No Prejudice**

In addition, Hogans' ineffective assistance of counsel claims fail because he has not made any allegations that he suffered actual prejudice as a result of Mr. Forsyth's representation.

"The petitioner bears the highly demanding and heavy burden in establishing actual prejudice." Williams v. Taylor, 529 U.S. 362, 394 (2000)(internal quotations omitted). Petitioner must show "that there is a reasonable probability that but for counsel's unprofessional errors, the result . . . would have been different." Strickland, 466 U.S. at 694.

Hogans has not alleged actual prejudice based upon the alleged deficiencies of Mr. Forsyth. Hogans' grounds for relief do not relate to the elements of the offense to which he plead. In the Plea Agreement and during sentencing, Hogans admitted all of factual basis for violating 21 U.S.C. §841(a). (Plea Agreement, pp. 10-12; Plea Tr. p. 18, ll. 3-8). Even now, Hogans does not claim that any of those factual elements were, in fact, deficient. Rather, his claims attack tangential aspects of his sentence, but do not relate to his actual guilt. In fact, Hogans never states that but for Mr. Forsyth's deficient representation he would not have plead guilty to violating 21 U.S.C. §841(a) and insisted on proceeding to trial. Thus, the Court finds no actual prejudice and determines that Hogans' ineffective assistance of counsel claims are denied.

---

[2]As noted by the government, Hogans entered into the Plea Agreement knowing that his co-defendant, James, had been sentenced to a term of imprisonment of 262 months for the same acts. (4:07CR560, Doc. No. 138).

## II. PROSECUTORIAL MISCONDUCT

In Ground Two of his §2255 Motion, Hogans states that the government breached the Plea Agreement because it failed to file a departure motion prior to sentencing. (Motion, p. 5). Hogans believes that the 168 month sentence was in error because he should not have received 168 months under the Plea Agreement. (Motion, pp. 5-6).

The Plea Agreement provided that "the parties anticipate that defendant will be deemed a Career Offender pursuant to §4B1.1 and that the resulting applicable Sentencing Guideline range will be 168 to 210 months." (Plea Agreement, p. 2). The parties agreed and recommended that "a sentence of 168 months is appropriate in this matter." (Id.). The Plea Agreement provided the following regarding a downward departure:

> At or near the time of sentencing, the Government alone will determine whether defendant's assistance has been substantial enough to warrant the filing of a motion for downward departure under Sentencing Guidelines §5K1.1 or 18 U.S.C. §3553, or both. Defendant fully understands that the Government alone will determine what constitutes substantial assistance and the Government alone will determine whether to file a motion for downward departure. Defendant further understands that there will be no downward departure without a motion by the Government. Defendant further understands that mere assistance is not enough to warrant a downward departure motion and that such a motion is warranted only for substantial assistance.

(Plea Agreement, pp. 6-7).[3] Although Hogans offered to provide assistance, the government did not deem Hogans' information to constitute "substantial assistance" at the time of the Plea Agreement. (Id., p. 6). Thus, the government did not agree to seek a downward departure, but instead stated it would proceed depending on the amount of assistance provided by Hogans.

"A district court has authority to review a prosecutor's choice not to move for a substantial assistance departure if the court finds the refusal was based on an unconstitutional motive or was not

---

[3]The Court notes that Hogans testified that he was pleading guilty of his own free will and that he had read and agreed with everything in the Plea Agreement. (Plea Tr., p. 6, l. 12-p. 7, l. 8).

'rationally related to any legitimate Government end.'" United States v. Godinez, 474 F.3d 1039, 1043-1044 (8th Cir. 2007)(quoting Wade v. United States, 504 U.S. 181, 185-86, 112 S. Ct. 1840, 118 L. Ed. 2d 524 (1992)). Where, as here, "the plea agreement granted the government discretion to choose whether to make a departure motion, the defendant must make a 'substantial threshold showing of prosecutorial discrimination or irrational conduct' in order to warrant an evidentiary hearing." Godinez, 474 F.3d at 1044 (quoting United States v. Amezcua, 276 F.3d 445, 447 (8th Cir. 2002)); United States v. Black, No. 8:04CR139, 2007 U.S. Dist. LEXIS 67645, at *10 (D. Neb. Sept. 11, 2007)

Here, the Plea Agreement granted the prosecution discretion to decide whether to move for a sentence reduction based upon substantial assistance; the government did not bargain away this discretion. Under this agreement, the government had the authority to determine if the quality and usefulness of Hogans' assistance warranted a departure motion. Hogans does not provide any factual support for why he believes he provided substantial assistance or how the information he provided led to indict anyone. Likewise, Hogans has not identified any unconstitutional reason, such as Hogans' gender, race or religion, for refusing to motion for downward departure. See Black, 2007 U.S. Dist. LEXIS 67645, at *11. Further, Hogans has not stated that the government's refusal to request a downward departure was not related to a legitimate government end. Instead, Hogans simply asserts that the government "breached" the Plea Agreement by refusing to file a substantial assistance motion; this is insufficient to state a claim for prosecutorial misconduct. "A defendant's bare assertions that he provided substantial assistance are insufficient to require a hearing on the matter without more specific allegations of improper motive." Godinez, 474 F.3d at 1044. Accordingly, the Court finds no evidence of prosecutorial misconduct and denies Ground Two of Hogans' §2255 Motion on this basis.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Marcell Hogans' Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

Dated this 28th day of February, 2011.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE